In the Matter of Laying Out of a CENTRAL SCHOOL DISTRICT in the TOWNS OF VERNON, VERONA, WESTMORELAND, KIRKLAND and VIENNA, ONEIDA COUNTY, and the CITIES OF SHERRILL, ONEIDA and ROME. JOSEPH WISEMAN et al., Plaintiffs, *v.* LEWIS A. WILSON, as Acting Commissioner of Education of the State of New York, Defendant.

Supreme Court, Special Term, Oneida County, June 22, 1950.

*Arthur, Arthur & Arthur* for plaintiffs.

*Charles A. Brind, Jr.,* and *John J. Jehu* for defendant.

McCLUSKY, J. This is a proceeding under article 78 of the Civil Practice Act. The form and terminology employed are not in the usual mode. An objection upon that ground alone might be sustained. But to do that would not settle the main question involved and might tend to hamper the rights of the respective parties to this litigation.

The chief point involved lies in the contention that section 1801 of the Education Law of this State has not been complied with. It is claimed that the Commissioner of Education, under the authority conferred upon him, made an order laying out the school district, involved herein, on the 31st day of May, 1950, and that he did not serve the certified copy of the said order upon the clerk or trustee of school districts Nos. 8 and 15 of

Rome, New York, until June 13, 1950. It is further contended that the service was in direct contravention of section 1801 of the said law and nullifies the acts or proceedings for the establishment of said central school district.

A perusal of the section of the law mentioned indicates that provision is made for two distinct acts upon the part of the Commissioner of Education, viz., the making of an order and its entry. Two distinct steps are recognized, which from their very nature are not simultaneous. Subdivision 2 of section 1801 aforesaid, authorizes not only the making of an order but also for the entry in his office of the order so made.

The making of an order necessarily implies a decision or judgment. This is a quasi-judicial act. The entry implies a ministerial act. Entry, as defined in Webster's New International Unabridged Dictionary, means the act of putting a thing on record in proper form and order. To any lawyer the distinction is clear for frequently a considerable period of time elapses between the making of an order of the court and its entry in the proper office. Therefore, in construing subdivision 3 of section 1801 aforesaid, this court holds that two separate acts are contemplated and the time does not start to run until the entry of the commissioner's order.

From the papers on file, it appears that the Commissioner of Education enters all orders laying out central school districts in the office of the General Counsel. He is authorized to enter such orders in his office, which is a division of the Department of Education. It likewise appears that the order in question remained in the office of the Acting Commissioner of Education until June 7, 1950, at which time it was transmitted to the office of the General Counsel for entry. It was entered in that office on that day. Within ten days of entry of the order, it was served upon the proper parties in the proposed central district. From this it appears that there has been an actual compliance with the statute.

There is no question here of any undue advantage being taken of any of the voters in the district. No claim is made of lack of time. No claim is made that the clerks failed to post the copies of the order. Even if the acts of making and entry are claimed to be one, there has been a substantial compliance with the provisions of the law. The deviation, if any, was unimportant and technical and did not affect materially the rights of the voters in the district.

Upon consideration of all affidavits submitted, the court dismisses the petition herein, with costs. Prepare order in accordance with opinion.